UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE

| | | |
|---|---|---|
| NETJETS AVIATION, INC., | : | |
| | : | |
| Plaintiff, | : | Court No. 21-00142 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Upon consideration of defendant's partial motion to dismiss, plaintiff's response thereto, and upon consideration of the papers and proceedings herein, it is hereby

**ORDERED** that defendant's motion be, and hereby is granted, and it is further

**ORDERED** that plaintiff's complaint is dismissed to the extent it alleges jurisdiction pursuant to 28 U.S.C § 1581(i); and it is further

**ORDERED** that plaintiff shall file an amended complaint consistent with this order within twenty days; and it is further

**ORDERED** that defendant shall file its response to the amended complaint within 20 days of plaintiff filing the amended complaint.

                                                                                          _____
                                                                                          HON. CLAIRE R. KELLY, JUDGE

Dated: _____
           New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| NETJETS AVIATION, INC., | : |
| | : |
| Plaintiff, | : Court No. 21-00142 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

## ORDER

Upon consideration of defendant's motion to stay the filing of the administrative record and the response to the complaint pending the resolution of the partial motion to dismiss, plaintiff's response thereto, and upon consideration of the papers and proceedings herein, it is hereby

**ORDERED** that the motion is granted; and it is further

**ORDERED** the filing of the administrative record is stayed pending the Court's decision on defendant's partial motion to dismiss; and it is further

**ORDERED** that, if the Court denies the motion to dismiss, defendant shall file its response to the complaint and the administrative record within 20 days of the denial of the partial motion to dismiss.

_____
HON. CLAIRE R. KELLY, JUDGE

Dated: _____
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| NETJETS AVIATION, INC., | : |
| | : |
| Plaintiff, | : Court No. 21-00142 |
| v. | : |
| UNITED STATES, | : |
| Defendant. | : |

### DEFENDANT'S PARTIAL MOTION TO DISMISS AND MOTION TO STAY THE FILING OF THE <u>ADMINISTRATIVE RECORD AND RESPONSE TO THE COMPLAINT</u>

Defendant, the United States, moves to partially dismiss plaintiff's action for lack of subject matter jurisdiction pursuant to Rule12(b)(1) of the Rules of the United States Court of International Trade, to the extent it alleges jurisdiction pursuant to 28 U.S.C. § 1581(i).  We also respectfully request that the Government's response to the complaint and the filing of an administrative record, if necessary, is stayed pending decision on the Government's partial motion to dismiss.  If the Court grants the partial motion, we respectfully request that the plaintiff is ordered to file an amended complaint consistent with the Court's Order within 20 days.  The reasons supporting these motions are contained in the accompanying memorandum.

WHEREFORE, defendant respectfully moves this Court to enter an order granting its partial motion to dismiss and order the filing of an amended complaint without reference to section 1581(i).

                              Respectfully submitted,

                              BRIAN BOYNTON
                              Acting Assistant Attorney General

                              JEANNE E. DAVIDSON
                              Director

By:    /s/ Justin R. Miller
        JUSTIN R. MILLER
        Attorney-in-Charge

        /s/ Jason M. Kenner
        JASON M. KENNER
        International Trade Field Office
        Department of Justice, Civil Division
        Commercial Litigation Branch
        26 Federal Plaza, Room 346
        New York, New York 10278
        Attorney for Defendant
        (212) 264-9236 or 9230

Date: July 7, 2021
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE

| | | |
|---|---|---|
| NETJETS AVIATION, INC., | : | |
| | : | |
| Plaintiff, | : | Court No. 21-00142 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
PARTIAL MOTION TO DISMISS AND MOTION TO STAY THE FILING
OF THE ADMINISTRATIVE RECORD AND RESPONSE TO THE COMPLAINT**

Respectfully submitted,

BRIAN BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JUSTIN R. MILLER
Attorney-in-Charge

JASON M. KENNER
Senior Trial Counsel
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, NY 10278
Tel. (212) 264-9230 or 9236

Dated: New York, New York
July 7, 2020

Attorneys for Defendant

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................ 2

ARGUMENT .............................................................................................................................. 4

    I.        Standard Of Review .................................................................................................. 4

    II.       This Court Lacks Jurisdiction Pursuant To 28 U.S.C § 1581(i) ......................................... 5

    III.     The Filing of The Administrative Record and Response to The Complaint
            Should Be Stayed .................................................................................................... 7

CONCLUSION ........................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*American Air Parcel Forwarding Co., Ltd. v. United States*,
   718 F.2d 1546 (Fed. Cir. 1983) ................................................................................................ 6

*American Airlines v. United States*,
   551 F.3d 1294 (Fed. Cir. 2008) ........................................................................................... 3, 4

*Briscoe v. LaHue*,
   663 F.2d 713 (7th Cir. 1981) aff'd, 460 U.S. 325 (1983) ........................................................... 5

*Chemsol, LLC v. United States,*
   755 F.3d 1345 (Fed. Cir. 2014) ............................................................................................... 5

*Erwin Hymer Grp. N. Am., Inc. v. United States*,
   930 F.3d 1370 (Fed. Cir. 2019) ............................................................................................... 5

*Hartford Fire Ins. Co. v. United States*,
   544 F.3d 1289 (Fed. Cir. 2008) ............................................................................................... 6

*Henke v. United States,*
   60 F.3d 795 (Fed. Cir. 1995) ................................................................................................... 5

*Holley v. United States*,
   124 F.3d 1462 (Fed. Cir. 1997) ............................................................................................... 5

*Int'l Custom Prods., Inc. v. United States*,
   467 F.3d 1324 (Fed. Cir. 2006) .................................................................................................. 6

*McNutt v. General Motors Acceptance Corp.*,
   298 U.S. 178 (1936) .................................................................................................................. 5

*Nat'l Nail Corp. v. United States*,
   335 F. Supp. 3d 1321 (Ct. Int'l Trade 2018) ............................................................................. 6

*Norfolk and Western Ry. Co. v. United States*,
   18 C.I.T. 55 (1994) .................................................................................................................... 3

*Sunpreme Inc. v. United States*,
   892 F.3d 1186 (Fed. Cir. 2018) .............................................................................................. 5, 6

*United States v. Uniroyal, Inc.*,
   687 F.2d 467 (C.C.P.A. 1982) .................................................................................................. 6


**Statutes**

19 U.S.C. § 58c ................................................................................................................................ 3

19 U.S.C. § 58c(a)(5)(A) ................................................................................................................ 2

19 U.S.C. § 58c(d)(1) ..................................................................................................................... 3

19 U.S.C. § 58c(d)(3) ..................................................................................................................... 3

19 U.S.C. § 58c(g)(2) .................................................................................................................. 3, 6

19 U.S.C. § 1514 .......................................................................................................................... 3, 6

28 U.S.C. § 1581 .......................................................................................................................... 5, 6

28 U.S.C. § 1581(a) ............................................................................................................... 1, 4, 6, 7

28 U.S.C § 1581(i) ................................................................................................................ 1, 4, 5, 7

U.S.C. § 1581(i) ............................................................................................................................. 4

**Regulations**

8 C.F.R. Part 286 ..................................................................................................................... 4

19 C.F.R. § 24.22(g) ................................................................................................................. 3

19 C.F.R. § 24.22(g)(1) ............................................................................................................. 2

19 C.F.R. § 24.22(g)(5) ............................................................................................................. 3

19 C.F.R. § 113.64(b) ............................................................................................................ 3, 4

19 C.F.R. § 122.1 ...................................................................................................................... 2

19 C.F.R. § 174.12(e) ................................................................................................................ 4

19 C.F.R. § 174.21 .................................................................................................................... 4

19 C.F.R. §§ 122-122.1 ............................................................................................................. 2

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| NETJETS AVIATION, INC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> UNITED STATES, : <br> : <br> Defendant. : <br> : | Court No. 21-00142 |

**DEFENDANT'S PARTIAL MOTION TO DISMISS
AND MOTION TO STAY THE FILING OF THE
<u>ADMINISTRATIVE RECORD AND RESPONSE TO THE COMPLAINT</u>**

The United States, defendant, pursuant to Rule 12(b)(1) of the Rules of the United States Court of International Trade (USCIT R.), respectfully requests the Court dismiss NetJets Aviation Inc.'s (NJA) complaint for lack of subject matter jurisdiction to the extent it seeks to invoke jurisdiction pursuant to 28 U.S.C. § 1581(i). We also respectfully request that the Court stay the filing of any administrative record or response to the complaint until the threshold jurisdictional issue is resolved.

NJA commenced this action to challenge U.S. Customs and Border Protection's (CBP or Customs) determination that NJA was required to collect and remit commercial airline passenger customs user fees (CUF) on certain flights operated by NJA. Compl. ¶ 3. In its complaint, NJA seeks to invoke this Court's residual jurisdiction pursuant to 28 U.S.C. § 1581(i) as well as this Court's protest review jurisdiction pursuant to 28 U.S.C. § 1581(a). Compl. ¶¶ 2, 4. As we demonstrate below, jurisdiction under section 1581(i) is unavailable because jurisdiction under

1

section 1581(a) is or could have been available and there is no allegation that the remedy provided by section 1581(a) would be manifestly inadequate.

## INTRODUCTION

NJA operates aircraft through various fractional ownership management programs including the Marquis Cardholder Program (MCP). These programs serve individuals who wish to fly on a corporate aircraft, but do not need access to the aircraft on a full-time basis. Compl. ¶ 15. Participants in the MCP program purchase the right to a certain amount of flight time on a corporate jet per year, subject to certain conditions. *Id.* ¶ 17. NJA is responsible for the operation of the MCP aircraft including contracting with pilots, maintenance and inspection of the plane, securing hanger space, communicating with airports regarding flight plans, etc. *Id.* ¶ 18. In addition to paying for flight time, MCP participants are responsible for paying the costs associated with the use of the aircraft including government taxes, duties, fees, and ground transportation, and, for international flights, an MCP participant might be required to pay an additional fee to cover costs associated with cross border travel. *Id.* To schedule a flight, a participant must provide advance notice to NJA of the date, time, origin and destination of the requested flight. *Id.* ¶ 19. Participants are not allowed to register an ownership interest in the aircraft or assign their flight hours. Additionally, participants cannot charge others for use of the aircraft. *Id.* ¶ 20

Congress requires the collection of CUF from each passenger aboard a "commercial aircraft" arriving in the customs territory of the United States from a place outside the United States. 19 U.S.C. § 58c(a)(5)(A); *see also* 19 C.F.R. § 24.22(g)(1). Pursuant to 19 C.F.R. § 122.1, CBP's air commerce regulations applicable to all air commerce, a "commercial aircraft" is described as "any aircraft transporting passengers and/or cargo for some payment or other

consideration, including money or services rendered." 19 C.F.R. §§ 122-122.1.  CBP does not ordinarily collect the CUF directly from commercial aircraft passengers, rather "[e]ach person that issues a document or ticket to an individual for transportation by … commercial aircraft into the customs territory of the United States" shall collect the CUF from the passengers.  19 U.S.C. § 58c(d)(1); *see also* 19 C.F.R. § 24.22(g).  The person or entity that collects the CUF is required to remit those fees to CBP thirty-one (31) days after each calendar quarter in which the fees were collected.  19 U.S.C. § 58c(d)(3); *see also* 19 C.F.R. § 24.22(g)(5).  For purposes of "administrative … provisions of customs laws," such as the procedures for pursuing an administrative protest under 19 U.S.C. § 1514, CUF is treated "as if such fee is a customs duty." 19 U.S.C. § 58c(g)(2).  Moreover, user fees prescribed by 19 U.S.C. § 58c are considered charges or exactions within the meaning of 19 U.S.C. § 1514.  *See Norfolk and Western Ry. Co. v. United States*, 18 C.I.T. 55, 61 (1994).

By way of further background, in *American Airlines v. United States*, 551 F.3d 1294 (Fed. Cir. 2008), the U.S. Court of Appeals for the Federal Circuit held that airlines that fail to collect fees similar to CUF (commercial airline passenger immigration user fees and commercial airline passenger agricultural fees), are not responsible for remitting uncollected fees because paying the fees is the passenger's responsibility and not the carrier's.  Therefore, if the carrier does not or is unable to collect CUF for whatever reason, CBP cannot demand the carrier remit the fees it did not collect.  Following *American Airlines*, CBP amended its international carrier bond condition regulations to provide for the imposition of liquidated damages equal to two times the CUF that are not timely remitted to CBP, regardless of whether the carrier collected the CUF from the passengers.  19 C.F.R. § 113.64(b).

In 2017, CBP audited flights conducted by NJA in 2016 pursuant to the MCP program to determine NJA's compliance with its obligations to collect and remit various fees, including CUF.[1]  Compl. ¶ 24.  CBP determined that the MCP flights were commercial in nature and that NJA failed to collect and remit any amount of CUF for those flights.  *Id*. ¶¶ 25, 28.  On April 10, 2020, CBP informed NJA via letter that although NJA had failed in its obligated to collect and remit CUF, in accordance with *American Airlines*, NJA itself owed zero dollars in CUF.  *Id*. ¶ 29.  CBP also informed NJA that it had "the right to protest the audit finding for CUF under the terms of 19 C.F.R. § 174.21" and that "[t]he date of this letter will serve as the 'liquidation date per 19 C.F.R. § 174.12(e)."  *Id.* ¶ 28.  Pursuant to 19 C.F.R. § 113.64(b), CBP then issued liquidated damages against NJA for its failure to collect and remit CUF. *Id*.

On October 7, 2020, NJA filed a protest challenging CBP's determination and requested accelerated disposition of its protest.  *Id*. ¶ 8.  Thereafter, on March 26, 2021, NetJets commenced this action to challenge CBP's CUF determination and alleged that this Court has jurisdiction pursuant to 28 U.S.C. § 1581(i) and 28 U.S.C. § 1581(a).  *Id*. ¶¶ 2, 4.  As will be explained below, the complaint should be dismissed to the extent that it seeks to invoke this Court's residual jurisdiction under section 1581(i).  It is well settled law that jurisdiction under section 1581(i) is unavailable if section 1581(a) jurisdiction is or was available and adequate.

---

[1] Prior to commencing the instant action, NJA commenced a separate action in the District Court for the Southern District of Ohio, Court No. 20-04464, to challenge CBP's determination that NJA's Marquis Cardholder Program flights were "commercial aircraft," *i.e.* "any civilian aircraft being used to transport persons or property for compensation or hire" for purposes of collecting and remitting other CBP user fees governed by 8 C.F.R. Part 286.

**ARGUMENT**

I. **Standard Of Review**

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997). Accordingly, "conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981), aff'd, 460 U.S. 325 (1983).

When deciding a motion to dismiss based upon lack of subject matter jurisdiction, the Court assumes that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the plaintiff's favor. *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). However, plaintiff bears the burden to establish jurisdiction if it is challenged by the defendant. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). If a defendant challenges the jurisdiction of the Court, the plaintiff cannot rely merely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. *Id.*

II. **This Court Lacks Jurisdiction Pursuant To 28 U.S.C § 1581(i)**

It is well-settled that 28 U.S.C. § 1581(i) "embodies a residual grant of jurisdiction [that] may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018) (*Sunpreme I*) (internal quotations and citation omitted*); see also Chemsol, LLC v. United States*, 755 F.3d 1345, 1354 (Fed. Cir. 2014) ("[W]hen relief is prospectively and realistically available under

5

another subsection of 1581, invocation of subsection (i) is incorrect.") (citations omitted); *Erwin Hymer Grp. N. Am., Inc. v. United States*, 930 F.3d 1370, 1374 (Fed. Cir. 2019) ("an overly broad interpretation of § 1581(i) would otherwise threaten to swallow the specific grants of jurisdiction contained within the other subsections.") (internal quotations and citation omitted).

The Federal Circuit's "unambiguous precedents. . . make clear that [section 1581(i)'s] scope is strictly limited," and that statutory procedures "cannot be easily circumvented." *Int'l Custom Prods., Inc. v. United States*, 467 F.3d 1324, 1327 (Fed. Cir. 2006) (internal quotations and citations omitted). Thus, "where a litigant has access to [the trial court] under traditional means, such as 28 U.S.C. § 1581(a), it must avail itself of this avenue of approach complying with all the relevant prerequisites thereto." *American Air Parcel Forwarding Co., Ltd. v. United States*, 718 F.2d 1546 (Fed. Cir. 1983). As the Federal Circuit explained in *American Air Parcel*:

> [T]he legislative history of the Customs Courts Act of 1980 demonstrates that Congress did not intend the Court of International Trade to have jurisdiction over appeals concerning completed transactions when the appellant had failed to utilize an avenue for effective protest before the Customs Service.

*Id*. (*quoting United States v. Uniroyal, Inc.*, 687 F.2d 467, 471 (C.C.P.A. 1982)) (emphasis added).

To establish that jurisdiction under another subsection of 1581 would be "manifestly inadequate," a party must demonstrate that the remedy provided by that subsection is "an 'exercise in futility, or incapable of producing any result; failing utterly of the desired end through intrinsic defect; useless, ineffectual, vain.'" *Sunpreme I*, 892 F.3d at 1193-94 (quoting *Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1294 (Fed. Cir. 2008)); *see also Nat'l Nail Corp. v. United States*, 335 F. Supp. 3d 1321, 1327 (Ct. Int'l Trade 2018) (same).

6

As explained above, for purposes of "administrative … provisions of customs laws," the CUF is treated "as if such fee is a customs duty." 19 U.S.C. § 58c(g)(2); *see also* Compl. ¶ 3. This rule is for an interested party like NJA exhausting the administrative protest remedies of 19 U.S.C. § 1514. In this proceeding, CBP determined that NJA was required to collect and remit CUF, and NJA filed an administrative protest against this determination. *Id*. ¶¶ 8-10. It is well settled that the denial of a protest challenging the "rate and amount of duty chargeable" is reviewable in this court pursuant to 28 U.S.C. § 1581(a). Indeed, NJA itself invokes jurisdiction pursuant to section 1581(a) and makes no allegation that its remedy pursuant to section 1581(a) is, in any way, inadequate. *See* Compl.

Therefore, the Court lacks jurisdiction under section 1581(i) because plaintiffs has an adequate remedy under section 1581(a), which grants the Court exclusive jurisdiction over "any civil action commenced to contest the denial of a protest, in whole or in part," which seeks to challenge "rate and amount of duty chargeable" under section 515 of the Tariff Act of 1930.

### III. The Filing of The Administrative Record and Response to The Complaint Should Be Stayed

Finally, because the Court lacks jurisdiction to consider this action under 28 U.S.C. § 1581(i), we respectfully request that CBP's obligation to file an administrative record or respond to the complaint be stayed pending resolution of the threshold jurisdictional issue. Because our partial motion to dismiss demonstrates that a decision concerning CUF is a protestable issue and subject to this Courts section 1581(a) jurisdiction, we respectfully request leave not to file the administrative record until this dispositive motion is decided. If the Court determines that this is a protestable issue, the complexion of the matter will be altered in that no administrative record would be filed and the matter will be decided on the record developed *de novo* before the Court.

Accordingly, we respectfully request the Court to stay the filing of the record or respond to the complaint until this issue is resolved.

If the Court denies the motion and reviews this case under 28 U.S.C. § 1581(i), we respectfully request leave to file the record within 20 days of the order denying the motion to dismiss.

## CONCLUSION

For these reasons, we respectfully request that our partial motion to dismiss be granted.

                Respectfully submitted,

                BRIAN M. BOYNTON
                Acting Assistant Attorney General
                Civil Division

                JEANNE E. DAVIDSON
                Director

By:    <u>/s/ Justin R. Miller</u>
        JUSTIN R. MILLER
        Attorney-in-Charge

        <u>/s/ Jason M. Kenner</u>
        JASON M. KENNER
        International Trade Field Office
        Department of Justice, Civil Division
        Commercial Litigation Branch
        26 Federal Plaza, Room 346
        New York, New York 10278
        Attorney for Defendant
Dated: July 7, 2021        (212) 264-9236 or 9230