UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| NETJETS AVIATION, INC., | : |
|               Plaintiff, | :   Court No.  21-00142 |
|        v. | : |
| UNITED STATES, | : |
|               Defendant. | : |

## DEFENDANT'S REPY IN SUPPORT OF ITS PARITAL MOTION TO DISMISS

Respectfully submitted,

BRIAN BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

JUSTIN R. MILLER
Attorney-in-Charge

JASON M. KENNER
Senior Trial Counsel
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, NY 10278
Tel. (212) 264-9230 or 9236
Attorneys for Defendant

Dated: New York, New York
August 10, 2021

```
UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. CLAIRE R. KELLY, JUDGE
```

|  |  |  |
|---|---|---|
| NETJETS AVIATION, INC., | : | |
| | : | |
| Plaintiff, | : | Court No. 21-00142 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

Defendant, United States (Government), respectfully submits this memorandum in reply to Plaintiff, Netjets Aviation, Inc.'s (NJA), response (Pl. Response) to our motion to dismiss the complaint insofar that it asserts that this Court has 28 U.S.C § 1581(i) jurisdiction over this action.

## INTRODUCTION

NJA operates aircraft through various fractional ownership and leasehold programs including the Marquis Cardholder Program (MCP). Participants in the MCP purchase a certain amount of flight time on aircraft maintained and operated by NJA and flown by pilots contracted by NJA. Congress requires each passenger aboard a commercial flight originating outside of the customs territory of the United States to pay commercial airline passenger customs user fees (CUF). 19 U.S.C. § 58c(a)(5)(A); *see also* 19 C.F.R. § 24.22(g)(1). CBP does not ordinarily collect CUF directly from the passengers itself, rather, the entity that issues the document or ticket for travel collects the CUF from passengers and then remits the monies to CBP thirty-one days after each calendar quarter in which the fees were collected. 19 U.S.C. § 58c(d)(1); *see*

2

*also* 19 C.F.R. § 24.22(g).  For purposes of "administrative … provisions of customs laws," CUF is treated "as if such fee is a customs duty."  19 U.S.C. § 58c(g)(2); *see also* Compl. ¶ 3.

NJA commenced this action to challenge U.S. Customs and Border Protection's (CBP or Customs) determination that NJA was required to collect and remit CUF on certain of NJA's MCP flights.  In its complaint, NJA seeks to invoke this Court's residual jurisdiction pursuant to 28 U.S.C. § 1581(i) as well as this Court's protest review jurisdiction pursuant to 28 U.S.C. § 1581(a).  Compl. ¶¶ 2, 4.  Substantively, NJA alleges that its MCP flights were not subject to CUF because the flights were not commercial within the meaning of the applicable regulations.

As explained in our memorandum in support of our partial motion to dismiss, it is well settled that jurisdiction under section 1581(i) is unavailable if jurisdiction under section 1581(a) is or was available and adequate.  Here, the rate of CUF is a protestable determination and the denial of such a protest is reviewable in this Court pursuant to 28 U.S.C. § 1581(a).  Therefore, the Court lacks jurisdiction under section 1581(i) as a matter of law.

In response (Pl. Response) to our motion, NJA states that it does not disagree with the Government's partial motion to dismiss.  Pl. Response at 2.  To this end, NJA attaches an amended complaint to its response to our partial motion to dismiss, and as reflected in the amended complaint, NJA abandons it claims alleging jurisdiction under section 1581(i).  NJA requests, however, that the Court dismiss section 1581(i) jurisdiction without prejudice so that NJA "may renew a plea for section 1581(i) jurisdiction if it should later be determined that section 1581(a) jurisdiction is unavailable or inadequate." Pl. Reply at 3.  The Government consents to plaintiff filing its amended complaint.  However, as explained below, this Court should decline NJA's request for permission to refile a complaint alleging section 1581(i) jurisdiction at a later date.

3

**ARGUMENT**

**I.     This Court Lacks Jurisdiction Pursuant to 28 U.S.C. § 1581(i)**

It is well-settled that 28 U.S.C. § 1581(i) "embodies a residual grant of jurisdiction [that] may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018) (*Sunpreme I*) (internal quotations and citation omitted. To establish that jurisdiction under another subsection of 1581 would be "manifestly inadequate," a party must demonstrate that the remedy provided by that subsection is "an 'exercise in futility, or incapable of producing any result; failing utterly of the desired end through intrinsic defect; useless, ineffectual, vain.'" *Sunpreme I*, 892 F.3d at 1193-94 (quoting *Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1294 (Fed. Cir. 2008)); *see also Nat'l Nail Corp. v. United States*, 335 F. Supp. 3d 1321, 1327 (Ct. Int'l Trade 2018) (same).

As explained in our initial memorandum, for purposes of "administrative … provisions of customs laws," such as the procedures for pursuing an administrative protest under 19 U.S.C. § 1514, CUF is treated "as if such fee is a customs duty." 19 U.S.C. § 58c(g)(2). Moreover, user fees prescribed by 19 U.S.C. § 58c are considered charges or exactions within the meaning of 19 U.S.C. § 1514. *See Norfolk and Western Ry. Co. v. United States*, 18 C.I.T. 55, 61 (1994). It is well settled that the denial of a protest challenging the "rate and amount of duty chargeable" is reviewable in this court pursuant to 28 U.S.C. § 1581(a).

As further explained in our motion, CBP determined that NJA was required to collect and remit CUF. Thereafter, NJA filed an administrative protest against this determination, sought accelerated disposition of its protest and then commenced the instant action asserting section

1581(a) jurisdiction. Notably, NJA did not allege that the remedy provided by section 1581(a) was somehow unavailable or inadequate. *Id*. ¶¶ 8-10. Further, despite having the burden to establish jurisdiction, NJA failed to demonstrate or even allege that section 1581(i) jurisdiction was available in its response. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Rather, NJA agrees with Government but essentially asks this Court for leave to reassert section 1581(i) jurisdiction at a later date if it is determined that NJA's protest remedy was unavailable or inadequate. NJA's request should be denied.

Section 1581(i) jurisdiction is determined by the facts as they exist at the time of the filing of a complaint. *See Ford Motor Company v. United States*, 688 F. 3d 1319 (Fed. Cir. 2012). No set of circumstances occurring after the filing of a complaint can establish section 1581(i) jurisdiction. If NJA believes there is a legal argument as to why section 1581(i) jurisdiction is available, it was required to address the issue in response to our partial motion to dismiss.

Second, while a dismissal for lack of subject matter jurisdiction is generally without prejudice, that does not mean the non-prevailing party on a motion to dismiss is free to file its complaint again at a later date. *See Rebar Trade Action Coalition v. U.S.*, 25 C.I.T. 393 (2001) (*Rebar Trade Action*). By filing a partial motion to dismiss, the Government seeks a determination that, as a matter of law, section 1581(i) jurisdiction does not exist to hear NJA's challenge. *Rebar Trade Action* presented an analogous circumstance wherein plaintiff challenged the International Trade Commission's termination of a material injury investigation pursuant to section 1581(i). *Rebar Trade Action*, 25 C.I.T. at 393. Because such a challenge could have been brought pursuant to section 1581(c), the Government moved to dismiss the complaint for lack of section 1581(i) jurisdiction. *Id*. In response, plaintiff filed its own motion

to dismiss its action without prejudice pursuant to Rule 41(a)(2).  *Id*. at 394.  In granting the Government's motion to dismiss, the court explained that because "[t]his court has no jurisdiction over this case and cannot therefore dismiss it with prejudice."  *Id*. at 395.  The Court explained that "[b]y granting Defendant's motion to dismiss for lack of jurisdiction, however, this Court makes clear that Plaintiff may not again challenge, under 28 U.S.C. § 1581(i), the Commission's negative material injury determination regarding subject imports from Japan in *Rebar Investigation*."  *Id.*

Similarly, although the Government consents to the filing of NJA's proposed amended complaint, the Court should grant the Government's partial motion to dismiss and hold that section 1581(i) jurisdiction does not exist to hear NJA's challenge as a matter of law.  This holding would preclude NJA from refiling a complaint alleging section 1581(i) jurisdiction at a later date.  Pl. Reply at 3.

## CONCLUSION

For the foregoing reasons, and the reasons provided in our initial memorandum, we respectfully request that the Government's partial motion to dismiss be granted.

                                      Respectfully submitted,

                                      BRIAN M. BOYNTON
                                      Acting Assistant Attorney General
                                      Civil Division

                                      JEANNE E. DAVIDSON
                                      Director

                        By:    /s/ Justin R. Miller
                                      JUSTIN R. MILLER
                                      Attorney-in-Charge

                                      /s/ Jason M. Kenner
                                      JASON M. KENNER
                                      International Trade Field Office
                                      Department of Justice, Civil Division
                                      Commercial Litigation Branch
                                      26 Federal Plaza, Room 346
                                      New York, New York 10278
                                      Attorney for Defendant

Dated: August 10, 2021              (212) 264-9236 or 9230