## UNITED STATES COURT OF INTERNATIONAL TRADE

------------------------------------------

| | |
|---|---|
| NETJETS AVIATION, INC., : | |
| : | |
| *Plaintiff/Counter-Defendant,* : | |
| : | No. 21-cv-00142 |
| v. : | |
| : | JUDGE CLAIRE R. KELLY |
| UNITED STATES, : | |
| : | |
| *Defendant/Counter-Plaintiff.* : | |

------------------------------------------

### RULE 26(f) CONFERENCE REPORT AND JOINT DISCOVERY PLAN

Pursuant to Rule 26(f) of the Rules of the United States Court of International Trade, the parties to this case jointly submit this Rule 26(f) Report:

**1. Rule 26(f) Conference.**

   a. The Rule 26(f) conference was conducted by teleconference in September 2021.

   b. The following attorneys participated in the conference:

Keith Bradley
Squire Patton Boggs (US) LLP
1801 California Street, Suite 4900
Denver, CO 80202

     *Attorney for Plaintiff Netjets Aviation, Inc.*

Guy Eddon
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278

     *Attorney for Defendant United States of America.*

2. **Initial Disclosures.**

The parties agree that initial Rule 26(a)(1) disclosures shall be made by October 15, 2021.

3. **Discovery Plan.**

The parties propose the following discovery plan:

a.  <u>Discovery will be needed on these subjects</u>:  The case involves certain flights that the plaintiff operated during 2016, for which it did not collect Customs User Fee ("CUF") from any travelers and for which it did not remit CUF.  The plaintiff maintains that the flights were not subject to the CUF, and the defendant maintains that they were.  The plaintiff is appealing the denial of a protest at Customs and Border Protection ("CBP") on this issue.  The defendant has counterclaimed that the plaintiff owes liquidated damages, under the terms of its international carrier bonds, because it did not remit CUF for the flights.  As noted in the plaintiff's answer to that counterclaim, the plaintiff denies the Court has section 1582 jurisdiction over that counterclaim.  The plaintiff has not moved to dismiss the counterclaim, but it notes that this action was not commenced by the United States, does not arise out of an import transaction, and does not involve any of the three listed categories of section 1582 action.

Discovery on these disputes will likely involve information about the character of the flights that the plaintiff operated and information about the defendant's application of the CUF statute and regulation, among other topics and issues.

    b. <u>Disclosure or discovery of electronically stored information should be handled as follows:</u>

The parties will meet and confer regarding the format of retrieving any electronically stored information.

    c. <u>The parties have agreed to an order regarding claims of privilege or protection as trial-preparation material asserted after production, as follows:</u>

        i. Protective Order

The parties agree that a protective order is necessary to preserve the confidentiality of certain documents that will be produced in this matter, and they will be submitting a proposed protective order that they will ask the Court to enter.

        ii. Privilege Issues

The parties agree that the inadvertent disclosure of privileged information should not constitute waiver and may seek to have an order entered pursuant to Federal Rule of Evidence 502(d) to protect against such waiver.

    d. <u>Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery</u>

Discovery should be focused upon all issues in parallel and not conducted in phases since this would delay litigation needlessly and waste judicial resources and time.

    e. <u>Depositions for each party</u>

Depositions will be governed by the Rules of the Court. The parties recognize that in the current circumstances, travel may be inadvisable, and they may stipulate to conduct depositions remotely at locations near to the domiciles of the respective witnesses.

    f.   <u>Dates for exchanging reports of expert witnesses.</u>

Each party shall disclose the identity of its expert witnesses and their reports under Rule 26(a)(2)(A) and (B) on or before March 25, 2022. Each party shall complete the depositions of such experts on or before April 25, 2022.

**4. Other Items.**

    a.   <u>Proposed schedule.</u> The parties propose the following schedule of deadlines:

    1.   Any motions to amend or dismiss the pleadings will be filed by October 15, 2021.

    2.   Expert disclosures and reports, if any, will be exchanged by March 25, 2022.

    3.   Fact discovery will be completed by March 31, 2022.

    4.   Any motions regarding discovery will be filed no later than 30 days after the close of discovery.

    5.   Expert depositions, if any, will be completed on or before April 25, 2022.

    6.   Dispositive motions, if any, will be filed by May 31, 2022. A brief in response to a dispositive motion may include a dispositive cross-motion.

    7.   If no dispositive motions are filed, a request for trial, if any, will be filed by July 15, 2022, and will be accompanied by a proposed Order Governing Preparation for Trial.

    8.   If necessary, trial will begin at a time and place ordered by the court.

    b.   <u>Settlement.</u> Plaintiff is open to discuss the possibility of settlement and has made its position known to the Defendant.

    c.  <u>Any alternative dispute resolution procedure that may enhance settlement prospects.</u>

While the parties do not wish to engage in any method of alternative dispute resolution at this point, the parties may later seek to engage in alternative dispute resolution.

    d.  <u>Trial preparation.</u>  The parties anticipate that the case may be resolved by summary judgment.  If no dispositive motions are filed, a request for trial will be filed by July 15, 2022, and will be accompanied by a proposed Order Governing Preparations for Trial.

Respectfully submitted this 30th day of September, 2021.

                                               <u>/s/ Keith Bradley</u>
                                               Keith Bradley
                                               ScheLeese Goudy
                                             SQUIRE PATTON BOGGS (US) LLP
                                             1801 California Street, Suite 4900
                                             Denver, CO 80202
                                             (303) 830-1776
                                             (303) 894-9239 (facsimile)
                                             keith.bradley@squirepb.com
                                             scheleese.goudy@squirepb.com

                                             *Counsel for Plaintiff*

*NetJets Aviation, Inc. v. United States*, Court No. 21-00142
Rule 26(f) Conference Report And Joint Discovery Plan (cont.)

        BRIAN M. BOYNTON
        Acting Assistant Attorney General

        JEANNE E. DAVIDSON
        Director

        <u>/s/ Justin R. Miller</u>
        JUSTIN R. MILLER
        Attorney-In-Charge
        International Trade Field Office

        <u>/s/ Guy R. Eddon</u>
        GUY R. EDDON
        Trial Attorney
        International Trade Field Office
        Department of Justice, Civil Division
        Commercial Litigation Branch
        26 Federal Plaza, Room 346
        New York, New York 10278
        (212) 264-9232
        Guy.R.Eddon@usdoj.gov

        *Counsel for Defendant*