## UNITED STATES COURT OF INTERNATIONAL TRADE

------------------------------------------
NETJETS AVIATION, INC.,            :
                                   :
    *Plaintiff*,                  :    Before: Claire R. Kelly, Judge
    v.                             :    No. 21-cv-00142
                                   :
UNITED STATES,                     :
                                   :
    *Defendant*.                   :
------------------------------------------

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
### FOR EXTENSION OF TIME

    The United States presents only one rationale for its requested 90-day extension, ECF No. 44 ("Mot."), of its deadline to respond to the motion for summary judgment filed by plaintiff NetJets Aviation, Inc. ("NJA") on June 8, ECF No. 36 ("MSJ"). Namely, the government contends that because NJA is mediating with Customs and Border Protection ("CBP") under the auspices of the U.S. District Court for the Southern District of Ohio, and because NJA and CBP are both negotiating with a view to potentially resolving this case as well, and because this Court ordinarily enters a 90-day stay when a case enters mediation in this Court, it follows, the government contends, that a 90-day extension is warranted to conserve governmental and judicial resources. The government does not describe any specific difficulty with the existing deadline.

    The analogy to this Court's mediation procedure is inapt. In the Ohio district court where the mediation is actually taking place, a mediation does not result in a stay, and "[a]ll other case activities, including discovery and motion practice, shall go forward during the mediation process." Southern Dist. of Ohio Supplemental Procedures for

1

Alternative Dispute Resolution, § 3.6 (Feb. 21, 2013). And when the parties—including CBP—suggested mediation, they told the Ohio district court that they "do not ask that the Court stay or extend any deadlines or otherwise pause the litigation at this time." Joint Status Report, *NetJets Aviation, Inc. v. U.S. Department of Agriculture*, No. 20-4464, ECF No. 129, at 2 (S.D. Ohio June 6, 2022). And, indeed, that court has not stayed or extended deadlines in light of the mediation. The government currently has a summary judgment brief due in that case on July 8, 2022. Order, *NetJets Aviation*, No. 20-4464, ECF No. 119 (S.D. Ohio May 25, 2022). No party has asked the Ohio district court to extend that deadline by three months.

    The government asserts that an extension is warranted to conserve governmental and judicial resources. It does not explain what judicial resources would be consumed by the government's filing its summary judgment brief in the ordinary timeframe. To be sure, that filing would require government resources. The government's summary judgment brief in this Court is currently due on July 13, 2022, five days later than the government's summary judgment brief in the Ohio district court. *See id.* That summary judgment process encompasses claims by two different plaintiffs, against two different government agencies (CBP and also the Department of Agriculture), about three different fees, *see* 2d Am. Compl., *NetJets Aviation*, No. 20-4464, ECF No. 81 (S.D. Ohio Aug. 13, 2021); as compared to the one plaintiff, one agency, and one fee at issue in this case, *see* ECF No. 36. And the mediation in the Ohio district court is presumably being led by counsel for the government (from the U.S. Attorney's Office for the Southern District of Ohio) in that case. The government has not asked the Ohio district court for a 90-day extension. So it

is hard to see why the efforts by the parties to encompass this case in a potential settlement would require such additional governmental resources as to justify the 90-day extension that the government asks of this Court.

NJA informed the government that it would consent to a shorter extension, in the order of weeks. If the government needs to dedicate its resources solely to the settlement discussions, a short extension would enable it to do so. The parties have negotiated in good faith on both sides, but at this point they have not reached an agreement and it is impossible to predict whether they will reach an agreement. The conduct of NJA and the government in the Ohio district court shows that the parties expect to understand far sooner than 90 days whether a settlement is likely and what acceptable terms would be. The 90-day extension that the government seeks would simply prolong this case—leaving NJA in limbo and at risk, on an important dispute about what its regulatory obligations are—without justification.

For these reasons, NJA asks the Court to deny the government's motion to extend its summary judgment deadline by 90 days. NJA would not oppose a short extension, of perhaps two to five weeks, were the government to make such a request.

Respectfully submitted this 24th day of June, 2022.

/s/ Keith Bradley
Keith Bradley
SQUIRE PATTON BOGGS (US) LLP
717 Seventeenth Street
Denver, CO 80202
(303) 830-1776
(303) 894-9239 (facsimile)
keith.bradley@squirepb.com

*Counsel for Plaintiff*